

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID SANFORD,<br><br>    Plaintiff,<br><br>vs.<br><br>DENNIS SARGENT, et al.,<br><br>    Defendants. | Cause No. CV 20-102-M-DWM<br><br>ORDER |

Plaintiff David Sanford filed this action on July 9, 2020. On August 10, 2020, the Court explained that Sanford had not made clear the basis for federal jurisdiction. *See* Order (Doc. 8) at 1–2 (describing Compl. (Doc. 2) at 3 ¶ II(A)). Sanford was given an opportunity to explain "what injury he suffered; who caused it and what they did to cause it; when it occurred; why he thinks the law entitles him to relief; and what relief he wants." *See id.* at 2.

Sanford responded by filing several SD cards, that is, memory cards of the sort one might use in a camera. In addition, he states:

> Dennis + Sarah Sargent charges slander defamation of character Stalking by the internet having pe[o]ple follow and harass me at work and in the stores. I have video's on SD card's and on facebook. They also have had the Columbia Falls Police Department target me drive by all the time I have video's of all this I [also] have video of flathead county sheriff target because of the Dennis and Sarah Sargent and the pe[o]ple on the list I gave the court all I want is to get a court date so what they have done to me for the last seven year can be told and the

1

truth is told

Supp. (Doc. 10) at 1.

In federal court, a plaintiff cannot simply say the defendant harmed him. There are threshold issues that are not evident in this handwritten complaint. First, federal courts are not courts of general jurisdiction. Federal courts only have authority to act under specific grants of authority by statute. It appears the jurisdictional claim here is based on 28 U.S.C. 1331, "arising under" authority of the constitution or federal statute. That gives rise to the second problem with the allegations of the complaint. What constitutional or statutory violation is alleged? A plaintiff must allege facts that help another person, who is not familiar with the situation, to see how the defendant harmed the plaintiff. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); Fed. R. Civ. P. 8. What the defendant did matters. The plaintiff must also allege facts that help others to see why it was wrong for the defendant to do what it did and why the defendant should have known it was wrong. A video recording of a defendant's conduct may be good evidence, but it is not a good allegation.

At this point, Sanford is essentially saying he will show these things when the defendants appear in court. To "get a court date," the law requires him first to show he has a good reason to make the defendants appear in court.

The Court provides two examples of what it needs to see from Sanford. In

2

his written supplement, quoted above, Sanford says he charges Dennis and Sarah Sargent with slander and defamation. However that claim is ordinarily a state court claim unless there is some legitimate basis for a federal court to assert its jurisdictional authority. What is that basis? To proceed with that claim, Sanford must explain:

- what false statements Dennis or Sarah Sargent made about him;
- how the Sargents knew or should have known they were false; and
- how their false statements harmed him.

As another example, if Sanford believes the Columbia Falls police are harassing him, he must explain what they do when they drive by and how he is harmed by their actions. What constitutional or statutory basis is there for this court to exercise its authority?

Sanford does not have to respond to these examples. It is up to him to decide what he wants to allege against whom. But he does have to say more than he has already said about any defendant and he must allege some reason and fact indicating the federal court has jurisdiction over his claims.

Sanford's supplement shows that he can write for the Court just as he would speak. The Court grants him one more opportunity to state a claim on which relief might be granted and over which this Court has jurisdiction. Failure to do so means the case will be dismissed.

Accordingly, IT IS ORDERED that Sanford may respond to this Order on or before **October 15, 2020.** If he fails to respond, the Court will dismiss the action for lack of federal jurisdiction.

Sanford must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of the action without notice to him.

DATED this 18th day of September, 2020.

09:34 a.m.

Donald W. Molloy
United States District Judge