IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID SANFORD,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS SARGENT, et al.,<br><br>Defendants. | CV 20-00102-M-DWM<br><br><br>ORDER |

Plaintiff David Sanford initiated this civil action on July 9, 2020. The Court initially screened Mr. Sanford's complaint and advised Mr. Sanford of the deficiencies in the complaint and provided him two opportunities to cure the deficiencies. As explained below, Mr. Sanford has failed to do so. The matter will be dismissed because the complaint fails to establish this Court's jurisdiction and further leave to amend is not warranted.

I.      **Background**

In his initial complaint, Mr. Sanford claimed "discrimination," but he failed to explain what injury he had suffered, who had caused the injury, when the injury occurred, the legal basis which entitled him to relief, or the relief he sought. See, (Doc. 8 at 1-2.) Mr. Sanford was given the opportunity to file an amended

1

pleading and was advised that failure to adequately respond would result in dismissal of the matter for lack of jurisdiction. *Id.* at 2.

In response, Mr. Sanford wrote that Dennis and Sarah Sargent had engaged in slander and defamation of character by stalking him and by having people follow and harass him at work and in stores. (Doc. 10 at 1.) Mr. Sanford indicated he believes these same individuals had the Columbia Falls Police Department target him and perform "drive-bys." *Id.* Mr. Sanford had taken videos of the purported interactions and "targeting," which he provided to the Court on SD memory cards. *Id.* Mr. Sanford also asserted his belief that the Flathead County Sheriff's Office is targeting him. *Id.* In relation to the relief he sought, Mr. Sanford stated he wanted "a court date" so that the various defendants' treatment of him over the last seven years would come to light and the truth be told. *Id.*

The Court then advised Mr. Sanford that in order for him to proceed, he needed to provide a legitimate federal jurisdictional basis. (Doc. 11 at 3.) Mr. Sanford was provided with specific examples of the type of information he would need to supply in relation to Dennis or Sarah Sargent's purported false statements about him and the Columbia Falls Police Department's harassment. *Id.* While Mr. Sanford was advised he did not have to respond to the Court's specific examples, he needed to supply more information, including a reason and a factual basis which would provide this Court with jurisdiction over his claims. *Id.* Accordingly, Mr.

Sanford was afforded one additional opportunity to amend. *Id.* Mr. Sanford was informed that his failure to do so would result in dismissal of the matter for lack of federal jurisdiction. *Id.* at 3-4.

In response, Mr. Sanford indicated that Dennis and Sarah Sargent told the Columbia Falls Police Department and the Flathead County Sheriff's Office that he was a sex offender and that he had attempted to rape one of his own family members. (Doc. 12 at 1.) Mr. Sanford states that he did not live around any of his family members, that he resided in Nevada from 1993 to 2010, and then resided in Washington state until 2011. *Id.* He states this false information has been placed on Facebook and the internet and has resulted in two assaults. *Id.* Mr. Sanford explains that despite his requests, neither the Columbia Falls Police Department nor the Flathead County Sheriff's Office have provided him with reports of these incidents. Mr. Sanford concludes that he has been made out to be a very bad person and that all of the people on he has named are responsible. *Id.*

Mr. Sanford then supplied the Court with two Supplements in which he seeks to add twelve additional individual and business entities as defendants. See, (Docs. 14 & 15.) Mr. Sanford has also apparently presented his own "Proofs of Service" to at least 16 individuals associated with his federal filings. See, (Docs.

16-19; 21.)[1] On April 9, 2021, Mr. Sanford obtained Summonses from the Court for nine additional individuals and entities. See, (Doc. 23.)

## II. Analysis

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge in unwarranted

---

[1] As a result of Mr. Sanford providing a "proof of service" to Jayden Smith, Mr. Smith sought a Temporary Order of Protection against Mr. Sanford. A hearing on the matter has been scheduled for April 19, 2021, in the Flathead County Justice Court. See, Not. (Doc. 22 at 2-3.) In his request for the temporary order of protection, Mr. Smith explains that he worked with Mr. Sanford three years ago and that he was alarmed to find the hand-written summons on his front porch. *Id.* at 6. Mr. Smith indicates he recently moved into the residence and is distressed that Mr. Sanford knows where he lives. *Id.* Mr. Smith also explains that he viewed videos of his residence taken by Mr. Sanford when Mr. Smith was not present that have been posted to Mr. Sanford's own Facebook page. *Id.* Mr. Smith attached a copy of the Summons purported to be issued in conjunction with Sanford's pending federal complaint to his petition for a temporary restraining order. *Id.* at 11-12.

inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F. 3d 677, 681 (9th Cir. 2009)(internal quotation marks omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id.* at 678.

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Without jurisdiction, the district court must dismiss the case. See, *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F. 2d 1376, 1380 (9th Cir. 1988). There are two general bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. The party invoking the Court's jurisdiction bears the burden of establishing why it exists. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Mr. Sanford asserts federal question jurisdiction for this action under 28 U.S.C. §1331.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5

Under §1331, the general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An action is generally deemed to "arise under" federal law when a "federal law creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Mr. Sanford's claims alleging defamation, slander, and harassment do not state a federal constitutional claim.

Despite being given two opportunities to do so, Mr. Sanford alleges no additional claims nor facts from which the Court could construe any federal cause of action. Mr. Sanford has not identified a federal rule or constitutional provision that was violated. Instead, Mr. Sanford provides nothing more than his own conclusory statements and beliefs all of which, read broadly, possibly pertain to state law causes of defamation, slander, or harassment. By limiting his complaint to state law claims and providing limited information in response to the Court's orders, Mr. Sanford has failed to present a substantial question of federal law. Accordingly, this Court lacks subject matter jurisdiction. Mr. Sanford's complaint will be dismissed without prejudice for lack of jurisdiction.

Because Mr. Sanford has failed to state a federal claim for relief, the Court declines to exercise supplemental jurisdiction over any state law claims he attempts

6

to advance. *See* 28 U.S.C. § 1367 (providing that in a civil action in which a district court has original jurisdiction, there is supplemental jurisdiction over claims that are part of the same case or controversy); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citations omitted)). To the extent Mr. Sanford seeks to bring state law claims, he must do so by filing an action in state court.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Sanford's claims brought pursuant to 28 U.S.C. § 1331 are DISMISSED for lack of subject matter jurisdiction and the Court declines to exercise jurisdiction over any potential state law claims. This matter is therefore DISMISSED and the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to return all of the SD cards currently maintained in the Pro Se Department to Mr. Sanford.

3. The Clerk of Court is directed to send a copy of this dismissal order to all of the defendants to whom Mr. Sanford filed a proof of service and/or to whom summonses have been issued. See, (Docs. 16-19; 21; 23.)

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DONE and DATED this 15 day of April, 2021.

_____
Donald W. Molloy
United States District Judge